1   ARTURO J. GONZÁLEZ (CA SBN 121490)
    KENNETH W. BRAKEBILL (CA SBN 196696)
2   NATALIE NAUGLE (CA SBN 240999)
    SARINA SALUJA (CA SBN 253781)
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California 94105-2482
    Telephone:  (415) 268-7000
5   Facsimile:  (415) 268-7522

6   Attorneys for Plaintiffs

7

8   MICHAEL C. SERVERIAN (CA SBN 133203)
    RANKIN, LANDSNESS, LAHDE, SERVERIAN & STOCK
9   96 No. Third Street, Suite 500
    San Jose, California 95112
10  Telephone: (408) 293-0463
    Facsimile: (408) 293-9514

11  Attorney for Defendants

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15

16  MARIA MEDINA, et al.,                    Case No.  CV 08-3946 WDB

17                     Plaintiffs,

18           v.                              STIPULATION AND [PROPOSED]
                                             PROTECTIVE ORDER
19  CITY OF MENLO PARK, et al.,              REGARDING DISCLOSURE OF
                                             CONFIDENTIAL INFORMATION
20                     Defendants.

21                                           Complaint Filed:  August 18, 2008
22                                           Trial Date:  August 11, 2009

23

24          WHEREAS, the Parties believe, in good faith, that certain of the documents requested and

25  to be produced in the course of this litigation contain information that is: (a) confidential,

26  sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and

27  (c) not normally revealed to the public or third parties or, if disclosed to third parties, would

28  require such third parties to maintain the information in confidence;

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record that any information, document or thing produced in connection with this litigation that is reasonably believed to contain private and/or confidential material may be designated as "Confidential" by the producing party and produced subject to the following Protective Order:

1.     The disclosed documents shall be used solely in connection with the civil case of *Medina, et al. v. City of Menlo Park, et al.*, Case No.  CV 08-3946 WDB, and in the preparation and trial of this case, or any related proceeding.

2.     The party producing the documents and materials described above may designate those materials by affixing a mark labeling them as "Confidential."  If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3.     Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

a)     Counsel for Plaintiffs MARIA MEDINA, WALTER CAMPOS, HECTOR LUIS VALENCIA, JAVIER ANGUIANO, SAMUEL SALGADO, RODOLFO MEDINA, JOEL ANTONIO VASQUEZ-MEDINA, JOSE JESUS ESPINOSA, FRANCISCO LEON, OSCAR CAMPOS;

b)     Counsel for Defendants CITY OF MENLO PARK; JONATHAN BAXTER, NICHOLAS DOUGLAS, RONALD PRICKETT, THOMAS CRUTCHFIELD, and JOHSUA VENZON;

c)     Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) directly above, including deposition reporters or videographers retained in connection with this action;

d)     Court personnel including court reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

e)     Any expert or consultant retained in connection with this action;

1          f)      The finder of fact at the time of trial, subject to the court's rulings on *in*

2   *limine* motions and objections of counsel;

3          g)      Plaintiffs MARIA MEDINA, WALTER CAMPOS, HECTOR LUIS

4   VALENCIA, JAVIER ANGUIANO, SAMUEL SALGADO, RODOLFO MEDINA, JOEL

5   ANTONIO VASQUEZ-MEDINA, JOSE JESUS ESPINOSA, FRANCISCO LEON, OSCAR

6   CAMPOS, to the extent reasonably necessary to assist their counsel in this litigation or for their

7   counsel to advise them with respect to the litigation.  Plaintiffs are not to disclose "Confidential"

8   information or materials to any other persons without prior court permission or by prior

9   stipulation by the City; and

10         h)      Defendants CITY OF MENLO PARK, JONATHAN BAXTER,

11  NICHOLAS DOUGLAS, RONALD PRICKETT, THOMAS CRUTCHFIELD, and JOHSUA

12  VENZON, to the extent reasonably necessary to assist their counsel in this litigation or for their

13  counsel to advise them with respect to the litigation.   Defendants are not to disclose

14  "Confidential" information or materials to any other persons without prior court permission or by

15  prior stipulation by the City.

16         4.      All documents or materials designated as "Confidential" pursuant to this

17  Protective Order, and all papers or documents containing information or materials designated as

18  "Confidential," that are filed with the Court for any purpose shall be filed and served under seal.

19         5.      The designation of information as "Confidential," and the subsequent production

20  thereof, is without prejudice to the right of any party to oppose the admissibility of the designated

21  information.

22         6.      A party may apply to the Court for an order that information or materials labeled

23  "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify

24  "Confidential" information shall meet and confer with the producing party.  Until the matter is

25  resolved by the parties or the Court, the information in question shall continue to be treated

26  according to its designation under the terms of this Order.  The producing party shall have the

27  burden of establishing the propriety of the "Confidential" designation.  A party shall not be

28

STIPULATION AND PROTECTIVE ORDER                              3
CASE NO. CV 08-3946 WDB
sf-2622323

1    obligated to challenge the propriety of a confidentiality designation at the time made, and a

2    failure to do so shall not preclude a subsequent challenge thereto.

3          7.     Each person to whom disclosure is made, with the exception of counsel, and its

4    paralegal, clerical, and secretarial personnel, who are presumed to know the contents of this

5    Protective Order, shall, prior to the time of disclosure, be provided by the person furnishing him

6    or her such material, a copy of this Protective Order.  Each person to whom disclosure is made

7    shall agree on the record or in writing that he/she has read the Protective Order and he/she

8    understands the provisions of the Protective Order.  Such person must also consent to be subject

9    to the jurisdiction of the United States District Court, Northern District of California, with respect

10   to any proceeding related to enforcement of this Protective Order, including without limitation,

11   any proceeding for contempt.  Counsel making disclosure to any person as described herein above

12   shall retain an original executed copy of a Declaration Regarding Confidentiality (Ex. "A" to this

13   Order) agreeing to be bound by this Order signed by the person to whom disclosure is made.

14   Provisions of this Protective Order, insofar as they restrict disclosure and use of the material, shall

15   be in effect until further order of this Court.

16         8.     The restrictions on the use of "Confidential" information established pursuant to

17   this Order do not apply to the party, person, or entity producing such material.

18         9.     After the conclusion of this litigation, all "Confidential" information received

19   under the provisions of this Protective Order, including all copies made, shall be tendered back to

20   the producing party, person, or entity or, at the direction of the producing party, destroyed.  The

21   Parties will also ensure that persons to whom "Confidential" information was disclosed shall

22

23

24

25

26

27

28

1   either destroy all such documents or return them to the producing party.  The conclusion of this

2   litigation means a termination of the case following applicable post-trial motions, appeal and/or

3   retrial.

4   Dated: January 7, 2009                    Respectfully submitted,

5                                             ARTURO J. GONZÁLEZ
                                              KENNETH W. BRAKEBILL
6                                             NATALIE NAUGLE
                                              SARINA SALUJA
7                                             MORRISON & FOERSTER LLP

8

9                                             By:    /s/ Natalie Naugle

10                                                   Natalie Naugle

11                                            Attorneys for Plaintiffs

12  Dated: January 7, 2009                    MICHAEL C. SERVERIAN
                                              RANKIN, LANDSNESS, LAHDE,
13                                            SERVERIAN & STOCK

14

15                                            By:    /s/ Michael C. Serverian

16                                                   Michael C. Serverian

17                                            Attorney for Defendants

18  IT IS SO ORDERED.

19

20  Dated: 1-8-09                             By:    _____

21                                                   Judge Wayne D. Brazil

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER                    5
CASE NO.  CV 08-3946 WDB
sf-2622323