UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MEDINA, et al.

        Plaintiffs,

  v.

CITY OF MENLO PARK., et al.

        Defendants.
_____/

No. C 08-3946 WDB

ORDER FOLLOWING FINAL PRETRIAL CONFERENCE

On July 28, 2009, the Court conducted the final pretrial conference in this matter. For reasons more fully explained on the record and in the earlier-filed Civil Minute Order, the Court ORDERS as follows:

1.  **By August 3, 2009, at noon**, Plaintiffs' counsel must provide Defendants' counsel with a written statement of the types of damages Plaintiffs Francisco Leon and Joel Vasquez-Medina will assert with regard to their respective malicious prosecution claims. Plaintiffs will be precluded from arguing that Mr. Leon or Mr. Vasquez-Medina suffered any kinds of damages other than those disclosed to Defendants' counsel.  Additionally, if defense counsel elects to depose Mr. Leon and Mr. Vasquez-Medina, Plaintiffs' counsel must make them available for deposition on dates and at times that are convenient to defense counsel's schedule.

1

2. Plaintiffs claim that, during the criminal proceedings against Plaintiffs Anguiano, Valencia, Salgado, and Espinosa, their counsel was provided a copy of a CD (and accompanying transcript) that captured communications among the police officers but that did not include an allegedly significant statement about why the officers entered the Campos residence. Plaintiffs anticipate contending, as part of their claim for malicious prosecution, that one or more of the defendants deliberately tampered with the original CD. Both parties acknowledge that the circumstances surrounding the CD's creation, transcription, and delivery to defense counsel in the criminal proceedings are unclear. The deposition of Assistant District Attorney Vishal Jangla, scheduled for August 3, 2009, may clarify the situation.

**By August 6, 2009, at noon**, the parties must submit a joint, written statement describing the facts and their contentions about the situation with respect to the CD, including, but not limited to: (1) when Mr. Jangla first received the CD, (2) whether the CD he received purported to be "complete" or whether it was characterized as a compaction of a larger body of information; (3) whether Mr. Jangla received more than one CD; and (4) whether Mr. Jangla received a transcript of the CD and, if so (a) when he received the transcript and (b) whether the transcript was characterized as "complete" or whether it was characterized as a compaction of a larger body of information.

3. **By August 3, 2009, at noon**, each party must file and serve objections or requested additions to the case-specific voir dire questions as framed by the Court.

4. **By August 3, 2009, at noon**, the parties must jointly inform the Court of any additional witnesses whose names should be read to the jury during voir dire. In the event that the parties disagree about whether any additional witnesses may be called, the parties must jointly submit a statement setting forth the grounds supporting their competing views. If appropriate, the Court will schedule a telephonic conference to resolve any such dispute.

2

5.  **By August 3, 2009, at noon**, the parties must file and serve any further objections to the Court's draft jury instructions.

IT IS SO ORDERED.

Dated: July 29, 2007

WAYNE D. BRAZIL
United States Magistrate Judge

3